IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK HEINES, | § | |
| | § | |
| *Plaintiff,* | § | SA-21-CV-01118-OLG |
| | § | |
| vs. | § | |
| | § | |
| LIFESHIELD NATIONAL INSURANCE | § | |
| CO.,  INTERNATIONAL BENEFITS | § | |
| ADMINISTRATORS, LLC,  AMERICAN | § | |
| HEALTH HOLDINGS, INC., | § | |
| INSURANCETPA.COM,  CHRISTUS | § | |
| HEALTH, | § | |
| | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns the following motions:  Defendant American Health Holding, Inc.'s Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim under Rule 12(b)(6) [#6], Plaintiff's Motion for Leave to File Amended Complaint [#10], and Plaintiffs' Motion to Remand [#14].  All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C.  The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  The parties have filed their various responses and replies to the motions [#13, #15, #20], and the motions are ripe for review.  For the reasons set forth below, it is recommended that the motion to remand be **GRANTED**.  Because there is not complete diversity among the parties to this suit, this Court lacks jurisdiction to resolve Defendant's motion to dismiss and Plaintiff's motion for leave to file an amended complaint.  Those motions should remain pending for resolution by the state court.

## I.  Background

This is a first-party insurance coverage action arising out of a dispute over a surprise medical bill in the amount of approximately $150,000 following a double hip replacement surgery.  Plaintiff Mark Heines originally filed this case in state court; it was thereafter removed to this Court on the basis of diversity jurisdiction.  (Notice of Removal [#1], at 1–10.)  The Original Petition filed in state court is the current live pleading.  (Orig. Pet. [#1], at 15–24.)

The Petition alleges that Heines and his wife purchased a health insurance policy from Lifeshield National Insurance Co. ("Lifeshield") through an agent with hcfast.com (a now defunct insurance agency).  (*Id.* at ¶ 4.1.)  Heines contends that he never received a copy of the Policy and was not aware at the time of purchase that the policy was not a qualified plan under the terms of the Affordable Care Act.  (*Id.*)

In June 2020, Heines obtained a pre-authorization for a recommended double hip replacement from Lifeshield.  (*Id.* at ¶ 4.3.)  Heines alleges that Lifeshield contracted the pre-authorization process to International Benefits Administrators ("IBM"), who in turn contracted with American Health Holdings, Inc. ("AHHI").  (*Id.* at ¶ 4.4.)  According to the Petition, Heines overheard Lifeshield and/or IBM and AHHHI provide verbal confirmation of its authorization for the recommended surgery on a phone call with staff from Christus Health, his medical provider, during a preoperative appointment.  (*Id.* at ¶ 4.5.)  Following the procedure, Lifeshield changed its third-party administrator to Insurancetpa.com.  (*Id.* at ¶ 4.7.)  Heines contends that Lifeshield and/or Insurancetpa.com improperly denied the claims, resulting in $150,000 in medical bills for a surgery he only underwent because Lifeshield or its agents preapproved it. (*Id.* at ¶ 4.8.)

Heines's Original Petition names Lifeshield, its third-party administrators (IBM, American Health, and Insurancetpa.com), and Christus Health as Defendants. (*Id.* at ¶¶ 2.2–2.6.) Heines's Petition asserts claims for breach of contract, unfair settlement practices under the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and negligence. (*Id.* at ¶¶ 6.1–6.12.) Heines alleges that Lifeshield and its agents breached the Policy by denying his claim for benefits and that Lifeshield violated Chapters 541 and 542 of the Texas Insurance Code by failing to promptly pay his claim for benefits or engage in good faith to settle his claim, misrepresenting policy provisions relating to coverage, and providing a preauthorization then denying coverage. (*Id.* at ¶¶ 6.2–6.5.) Heines alleges that IBM and AHHI were negligent in their approval of his surgical procedure. (*Id.* at ¶¶ 6.11.) Finally, Heines asserts that Christus Health negligently performed his surgery without proper authorization from his health insurance provider. (*Id.* at ¶ 6.12.)

Lifeshield, IBM, and AHHI removed the Petition to this Court on November 12, 2021. (Notice of Removal [#1].) The Notice of Removal asserts that there is diversity jurisdiction over this case because all properly named Defendants are not citizens of Texas, and Heines improperly joined Christus Health—the sole Texas citizen among the Defendants—to destroy diversity. (*Id.* at 3–5.)

After removal, AHHI filed the motion to dismiss currently before the Court. AHHI argues that Heines fails to state a claim against AHHI because his Petition does not allege that he had any contractual relationship with AHHI or affirmatively identify that AHHI was involved in the preauthorization decision at issue. In response, Heines filed a motion for leave to file an amended complaint, seeking leave to file his first amended pleading under Rule 15(a)(2), and a timely motion to remand, requesting the Court remand this case to state court on the basis that

Christus Health is a properly named party whose citizenship destroys diversity jurisdiction. Lifeshield, IBM, and AHHI ("the removing Defendants") reiterate their belief that Christus Health was improperly joined.  The undersigned first considers Heines's motion to remand.

## II.  Legal Standard

A civil action may be removed from state court to federal court on the basis of diversity jurisdiction.  28 U.S.C. § 1441(a).  To remove a case based on diversity, the removing defendant must demonstrate that the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied, which include the requirement of complete diversity of citizenship.  *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).  Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004); *see also* 28 U.S.C. § 1332. However, a non-diverse defendant will not destroy complete diversity if it can be shown that the defendant was "improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood*, 385 F.3d at 572.  The party seeking removal bears the "heavy burden" of proving that the joinder of the in-state party was improper.  *Id.* at 574.

A defendant is improperly joined if the removing defendant establishes that "(1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse."  *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016).  The Fifth Circuit has recognized two avenues to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Travis v. Irby*, 326 F.3d 644, 646–

47 (5th Cir. 2003).  The removing Defendants are not arguing fraud, only that Heines has not stated a plausible cause of action against Christus Health.

To prove that a plaintiff has not stated a claim against a defendant, the removing defendant must demonstrate that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.  In resolving this issue, the court in most instances will conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  *Id.* "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*  In undertaking the improper-joinder analysis, federal courts must apply federal, not state, pleading standards. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 208.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  A court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).  However, a Court need not credit

conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

Any doubts about the propriety of removal or ambiguities as to jurisdiction must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). "[T]he existence of even a single valid cause of action against the in-state defendant (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

The parties disagree as to which pleading should be considered in evaluating improper joinder—the Original Petition or the proposed First Amended Complaint. Removal jurisdiction is always evaluated at the time of removal. *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). As the Fifth Circuit has explained,

> The rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious. Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved. Limiting the removal jurisdiction question to the claims in the state court complaint avoids that unacceptable result, and permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation.

*Id.* As a result, "[p]ost-removal filings may not be considered . . . where or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). This Court may, however, look to post-removal filings and evidence when they "clarify or amplify the claims actually alleged" in the state court complaint. *Id.* But this Court "may not amend the complaint in order to state a claim against the nondiverse defendant, and thus divest the federal court of jurisdiction." *Cavallini*, 44 F.3d at 265.

Because the undersigned finds that the Original Petition states a plausible claim against Christus Health, the Court need not look to the proposed Amended Complaint for clarification of the factual allegations against Christus Health.

### III.  Analysis

Lifeshield, IBM, and AHHI allege in their Notice of Removal that complete diversity of citizenship exists among the parties because Christus Health, the only non-diverse Defendant, was improperly joined to destroy diversity.  The removing Defendants argue that Heines fails to state a plausible claim against Christus Health in his Original Petition.  Heines disagrees and has moved to remand.

The Court should grant the motion.  Because the removing Defendants have not satisfied their heavy burden to demonstrate that Heines has no possibility of recovery against Christus Health, they have not shown that Christus Health was improperly joined.  Thus, Christus Health's citizenship destroys diversity jurisdiction, and Heines's motion to remand should be granted.

Heines alleges two causes of action against Christus Health in his Original Petition— negligence and bad faith.  (Orig. Pet. [#1], at ¶ 6.12.)  The facts alleged to support these claims in the Original Petition are that Christus Health "staff members called Lifeshield" during Heines's pre-op appointment and that Heines overheard their conversation, during which Lifeshield, ABM and/or AHHI authorized his surgery; Christus Health "informed Plaintiff his insurance carrier had approved the procedure and would provide Plaintiff the policy benefits associated with his coverage"; and Christus Health "failed to get the proper pre-approvals and authorizations for Plaintiff's procedure."  (*Id.*)

Heines's primary theory of his case is that Lifeshield and/or its agents misrepresented their preauthorization for his surgery.  (Mtn. to Remand [#14], at 4.)  Heines's claims against Christus Health are pleaded as an alternative theory of recovery in the event that discovery reveals Lifeshield was justified in denying Heines's claim due to some misconduct or misrepresentation on the part of Christus Health.  (*Id.*)

The undersigned construes Heines's claim against Christus Health as a cause of action for negligent misrepresentation.  Heines alleges that Christus Health negligently performed surgery on him without obtaining the proper authorization from his health insurance provider.  (Orig. Pet. [#1], at ¶ 6.12.)  The removing Defendants argue there is no common law duty imposed on medical providers to ensure insurance coverage for a medical procedure and therefore there can be no negligence on behalf of Christus Health associated with the surprise billing.   Yet, regardless of whether any such duty exists, Christus Health can still be liable for making material misrepresentations to its patients.  Heines also alleges that Christus Health falsely informed him that his insurance carrier had approved the procedure, and that he relied on that misrepresentation to his detriment.

Under Texas law, the elements of a claim of negligent misrepresentation are:

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*, 88 F.3d 347, 357 (5th Cir. 1996) (quoting *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)).  The "justifiable reliance" element of a claim of negligent misrepresentation is known as the "materiality" element and has two aspects: "the plaintiff must in fact have relied; and this reliance must have

been reasonable." *Id.* at 358 (internal citation and quotation omitted). In other words, "there must be a reasonable relation between the contents of the defendant's misrepresentation and the action the plaintiff took in reliance." *Id.* (internal citation and quotation omitted). Heines pleads all of these elements in his Original Petition.

Heines accuses Christus Health of informing him during his pre-op appointment that his insurance carrier had approved his procedure and would provide him the policy benefits associated with his coverage. (Orig. Pet. [#1], at ¶ 6.12.) Viewing these facts in the light most favorable to Heines, as is required in conducting a Rule 12(b)(6) inquiry, Heines has alleged that Christus Health made a representation in the course of its business or in a transaction in which it has a pecuniary interest that was false without exercising reasonable care. *See Clardy Mfg. Co.*, 88 F.3d at 357.

As to the last element, justifiable reliance, Heines has pleaded that he would not have gotten the surgery if he had not been told that his surgery was preapproved. The removing Defendants nonetheless argue that the Original Petition effectively disclaims reliance on any statement by Christus Health because Heines admits in his pleading that he only underwent the procedure based on Lifeshield's approval, not based on any statement by Christus Health directly. This argument misconstrues the Petition.

It is true that Heines alleges that he "only underwent" the procedure "because Lifeshield and/or Lifeshield's agents approved" the surgery. (Orig. Pet. [#1], at ¶ 4.8.) Yet Heines also alleges that Christus Health conveyed that approval by telling him that his insurance carrier would provide policy benefits for the procedure. (*Id.* at ¶ 6.12.) Whether or not Heines intended for his theory of liability against Lifeshield and its agents to be primary and his theory against Christus Health to be alternative, the two theories are not mutually exclusive. Lifeshield could

have made misrepresentations about its approval of the surgery and Christus Health could have also failed to exercise reasonable care in obtaining information about that approval and communicating it to Heines.  The undersigned does not read Heines's Original Petition as negating his justifiable reliance on Christus Health's alleged misrepresentations, especially in light of the directive that the Court resolve all jurisdictional ambiguities in favor of remand.  *See Gasch*, 491 F.3d at 281–82.

In summary, the removing Defendants have not satisfied their "heavy burden" to demonstrate that there is no possibility of recovery by Plaintiff against Christus Health.  *See Smallwood*, 385 F.3d at 573–74.  Heines has pleaded a plausible cause of action against Christus Health for negligent misrepresentation.

Because Heines has stated at least one plausible claim against Christus Health, the Court need not evaluate Heines's bad faith cause of action.  Christus Health was not improperly joined and its presence in this lawsuit destroys the Court's diversity jurisdiction.  This case must therefore be remanded to state court.  The District Court therefore lacks jurisdiction to consider Defendant American Health Holding, Inc.'s Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim under Rule 12(b)(6) [#6] and Plaintiff's Motion for Leave to File Amended Complaint [#10], and these two motions should remain pending to be handled by the state court upon remand.

### IV.  Conclusion and Recommendation

Having considered Heines's motion to remand, the response thereto, the allegations in the Original Petition, and the governing law, the undersigned **recommends** that Plaintiffs' Motion to Remand [#14] be **GRANTED** and this case **REMANDED** to the 37th District Court of Bexar County, Texas.

10

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 12th day of April, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE